MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: TOMOKO ONOZAWA (TO-8694)
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2721
Facsimile: (212) 637-2686
E-mail: tomoko.onozawa@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

| | |
|---|---|
| NICOLE EBRON, | ECF Case |
| Plaintiff, | |
| -against- | 08 Civ. 0144 (RMB)(AJP) |
| UNITED STATES OF AMERICA, | **ANSWER** |
| Defendant. | |

------------------------------------------------------------------ x

Defendant United States of America (the "Government") by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answers the complaint of plaintiff Nicole Ebron ("plaintiff") on information and belief as follows:

1.  Admits the allegations in paragraph 1 of the complaint.

2.  Denies the allegations in paragraph 2 of the complaint, except admits that Eric Gayle, M.D., and Bettie Laverne Gilmore, R.N., were employees of The Parkchester Family Practice ("Parkchester") and The Institute for Urban Family Health on and after January 2, 2004, and states that The Institute for Urban Family Health is now known as The Institute for Family Health.

3. Denies the allegations in paragraph 3 of the complaint, except admits that Dr. Eric Gayle, M.D., and Bettie Laverne Gilmore, R.N., are employees of Parkchester and The Institute for Family Health, and that The Institute For Family Health and its employees were deemed eligible for Federal Tort Claims Act coverage, pursuant to the Federally Supported Health Centers Assistance Act of 1992, effective on July 1, 2001. To the extent that the allegations in paragraph 3 of the complaint set forth legal conclusions, no response is required.

4. Admits the allegations in paragraph 4 of the complaint.

5. Neither admits nor denies the allegations in paragraph 5 of the complaint because they constitute legal conclusions to which no response is required.

6. Admits the allegations in paragraph 6 of the complaint.

7. Admits the allegations in paragraph 7 of the complaint.

8. Neither admits nor denies the allegations in paragraph 8 of the complaint because they are statements of venue to which no response is required.

9. Denies the allegations in paragraph 9 of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint.

11. Admits the allegations in paragraph 11 of the complaint.

12. Admits the allegations in paragraph 12 of the complaint.

13. Denies the allegations in paragraph 13 of the complaint, except admits that Parkchester is a medical facility located within the County of Bronx, State of New York at 1597 Unionport Road, Bronx, New York.

14. Denies the allegations in paragraph 14 of the complaint, except admits that Dr. Eric Gayle, M.D., is a medical doctor employed at Parkchester, and that Parkchester is located within the County of Bronx, State of New York, at 1597 Unionport Road, Bronx, New York.

15. Denies the allegations in paragraph 15 of the complaint, except admits that Bettie Laverne Gilmore, R.N., is a registered nurse employed at Parkchester, and that Parkchester is located within the County of Bronx, State of New York, at 1597 Unionport Road, Bronx, New York.

16. Denies the allegations in paragraph 16 of the complaint.

17. Denies the allegations in paragraph 17 of the complaint, except admits that Dr. Eric Gayle, M.D., and Bettie Laverne Gilmore, R.N., were employees of Parkchester and worked at Parkchester on or about January 2, 2004 and thereafter.

18. Denies the allegations in paragraph 18 of the complaint, except admits that Dr. Eric Gayle, M.D., was an employee of Parkchester on or about January 2, 2004 and thereafter.

19. Denies the allegations in paragraph 19 of the complaint, except admits that Bettie Laverne Gilmore, R.N., was an employee of Parkchester on or about January 2, 2004 and thereafter.

20. Denies the allegations in paragraph 20 of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the complaint.

22. Repeats and restates each response above to the allegations in paragraphs 1 through 21 of the complaint as if fully set forth herein.

23. Denies the allegations contained in paragraph 23 of the complaint, except admits that plaintiff received medical care at Parkchester on January 2, 2004.

24. Denies the allegations in paragraph 24 of the complaint.

25. Denies the allegations in paragraph 25 of the complaint, except admits that Dr. Eric Gayle, M.D., recommended that the plaintiff receive a tetanus shot.

26. Denies the allegations in paragraph 26 of the complaint, except admits that on January 2, 2004, Bettie Laverne Gilmore, R.N., was working under the direction and supervision of Dr. Eric Gayle, M.D.

27. Admits the allegations in paragraph 27 of the complaint.

28. Denies the allegations in paragraph 28 of the complaint, except admits that Bettie Laverne Gilmore, R.N., administered the tetanus shot to plaintiff.

29. Denies the allegations in paragraph 29 of the complaint.

30. Denies the allegations in paragraph 30 of the complaint.

31. Denies the allegations in paragraph 31 of the complaint.

32. Denies the allegations in paragraph 32 of the complaint.

33. Denies the allegations in paragraph 33 of the complaint.

34. Denies the allegations in paragraph 34 of the complaint.

35. Denies the allegations in paragraph 35 of the complaint.

36. Repeats and restates each response above to the allegations in paragraphs 1 through 35 of the complaint as if fully set forth herein.

37. Denies the allegations in paragraph 37 of the complaint.

38. Denies the allegations in paragraph 38 of the complaint.

39. Denies the allegations in paragraph 39 of the complaint.

40. Denies the allegations in paragraph 40 of the complaint.

41. Denies the allegations in paragraph 41 of the complaint.

42. Denies the allegations in paragraph 42 of the complaint.

43. Repeats and restates each response above to the allegations in paragraphs 1 to 42 as if fully set forth herein.

44. Denies the allegations in paragraph 44 of the complaint, except admits that plaintiff received medical care at Parkchester on January 12, 2004.

45. Denies the allegations in paragraph 45 of the complaint, except admits that on January 12, 2004, when the plaintiff returned to the Parkchester medical facility, the plaintiff complained of pain and swelling of her arm at the site of the tetanus injection received on January 2, 2004.

46. Denies the allegations in paragraph 46 of the complaint, except admits that on January 12, 2004, when the plaintiff returned to the Parkchester medical facility, Dr. Eric Gayle, M.D., noted that the plaintiff's left arm at the site of the tetanus injection received on January 2, 2004, displayed redness, peeling, warmth, tenderness and induration.

47. Denies the allegations in paragraph 47 of the complaint, except admits that on January 12, 2004, Dr. Eric Gayle, M.D., after examining the plaintiff, diagnosed the plaintiff as having cellulitis at the site of the tetanus injection received on January 2, 2004.

48. The Government denies the allegations in paragraph 48 of the complaint, except admits that on January 12, 2004, after examining and diagnosing the plaintiff's condition, Dr. Eric Gayle, M.D. prescribed Tylenol 500 mg and Biaxin 500 mg.

49. Denies the allegations in paragraph 49 of the complaint.

50. Denies the allegations in paragraph 50 of the complaint.

51. Denies the allegations in paragraph 51 of the complaint.

52. Denies the allegations in paragraph 52 of the complaint.

53. Denies the allegations in paragraph 53 of the complaint.

54. Denies the allegations in paragraph 54 of the complaint.

55. Denies the allegations in paragraph 55 of the complaint.

56. The Government neither admits nor denies the allegations in the paragraph beginning "Wherefore" on page 9 of the complaint because they constitute plaintiff's prayers for relief to which no response is required. To the extent a response is deemed necessary, the Government denies the allegations in the paragraph beginning "Wherefore" on page 9 of the complaint.

## FIRST DEFENSE

Any injuries sustained by plaintiff were sustained without any negligence or fault or want of due care by the Government.

## SECOND DEFENSE

The injuries and damages alleged in the complaint were not proximately caused by a negligent or wrongful act or omission of the Government, or of any employee of the Government acting within the scope and course of employment.

## THIRD DEFENSE

In the event the Government is found to be negligent, which negligence the Government denies, the negligence or culpable conduct of plaintiff or other parties contributed to causing plaintiff's injuries, and any recovery must be proportionately reduced, pursuant to N.Y. C.P.L.R. § 1411.

### FOURTH DEFENSE

In the event plaintiff recovers an award against the Government, such award must be reduced by the amount of funds that were or will be, with reasonable certainty, replaced or indemnified from any collateral source, pursuant to N.Y. C.P.L.R. 4545(c).

### FIFTH DEFENSE

In the event the Government is found to have been negligent, which negligence is denied, plaintiff's recovery for each cause of action may not exceed the amount demanded from the Government in plaintiff's administrative claim.

### SIXTH DEFENSE

The Government alleges the provisions of N.Y. Pub. Health Law § 2805-d(4) with respect to the cause of action for informed consent.

### SEVENTH DEFENSE

Plaintiff had knowledge of and voluntarily assumed the risks incident to the matters alleged in the complaint.  The injuries alleged in the complaint were caused by and arose out of such risks.  Plaintiff accepted a known risk inherent in the treatment she received.

### EIGHTH DEFENSE

Pursuant to 28 U.S.C. § 2674, the Government is not liable for interest prior to judgment or for punitive or special damages.

### NINTH DEFENSE

Any costs or disbursements awarded are limited to the amounts provided for under federal law.  *See, e.g.*, 28 U.S.C. §§ 1821, 1920, 2412, and 2678.

## TENTH DEFENSE

Payment of any judgment is subject to the availability of appropriated funds, pursuant to 42 U.S.C. § 233(k).

WHEREFORE the Government prays that this Court order judgment dismissing the action against it, and award such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 27, 2008

                                          MICHAEL J. GARCIA
                                        United States Attorney for the
                                        Southern District of New York
                                        Attorney for the United States


                                        /s/ Tomoko Onozawa
                            By:   TOMOKO ONOZAWA (TO-8694)
                                        Assistant United States Attorney
                                        86 Chambers Street, Third Floor
                                        New York, New York 10007
                                        Telephone:  (212) 637-2721
                                        Facsimile:   (212) 637-2686

## CERTIFICATE OF SERVICE

     I, TOMOKO ONOZAWA, an Assistant United States Attorney for the Southern District of New York, hereby certify that on March 27, 2008, I caused a copy of defendant's ANSWER to be served by Electronic Case Filing (ECF) and Federal Express upon the following:

     Elizabeth Jackson Popkin, Esq.
     Popkin & Popkin LLP
     7 W. 96th Street, 1B
     New York, New York 10025

                       /s/ Tomoko Onozawa
                       TOMOKO ONOZAWA