UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NICOLE EBRON,                                     :

                          Plaintiff,             :        08 Civ. 0144 (AJP)

              -against-                           :        **OPINION AND ORDER**

UNITED STATES OF AMERICA,                        :

                          Defendant.             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

      Presently before the Court is defendant's motion in limine to preclude plaintiff Ebron's

expert witness, Dr. Ackerman, from testifying to opinions not contained in his expert report. (Dkt.

No. 14: Notice of Motion; see also Dkt. No. 15: Def. Br.; Dkt. No. 16: Onozawa Aff.) The parties

have consented to decision of this case by a Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt.

No. 9.) For the reasons discussed below, the motion is GRANTED.

**FACTS**

      Plaintiff's complaint asserts that on January 2, 2004, she received a tetanus shot from

Nurse Gilmore, who did not prepare the injection site with an alcohol wipe. (Dkt. No. 1: Compl.

¶¶ 27-30.) Ebron's first cause of action asserts malpractice. (Compl. ¶ 33.) Ebron's second cause

of action asserts that Dr. Gayle and Nurse Gilmore "failed to fully and/or adequately advise the

plaintiff of the risks inherent in the medical care and treatment to be rendered to plaintiff by

defendant, such that defendant failed to obtain informed consent from plaintiff for the medical care

and treatment so rendered by defendant." (Compl. ¶ 37.)[1]

On or about July 8, 2008, Ebron's counsel provided plaintiff's Rule 26(a) expert

report, in two pieces: a document signed only by counsel (Dkt. No. 16: Onozawa Aff. Ex. A), and

a July 8, 2008 letter signed by Dr. Ackerman (Onozawa Aff. Ex. B). The disclosures provided that:

> It is anticipated that at the time of trial that Dr. Ackerman, M.D., will testify as to the defendants' departure from good and accepted medical practice and procedure in the care and treatment that the defendant provided Ms. Nicole Ebron. It is also anticipated that Dr. Ackerman, M.D. will offer the opinion that the defendants failed to properly prepare Ms. Ebron's tetanus injection site for the tetanus injection that was given to Ms. Nicole Ebron and that the failure to properly prepare the tetanus injection site prior to the tetanus injection was a deviation from good and accepted medical practice and procedure which led to, and was the cause of, the infection and the scarring sustained by Ms. Ebron. It is further anticipated that Dr. Ackerman, M.D.'s Testimony will be that the scarring sustained by Ms. Ebron was the result of the defendants negligence and medical malpractice and that the scarring is permanent.

(Onozawa Aff. Ex. A), and

> Based on my review of all of the information made available to me, I have formed the following opinion:
>
> An injection was performed without appropriate skin preparation. Preparing the skin properly is a standard technique that should be followed at all times. The patient subsequently developed a significant skin infection at the injection site this

---

[1] Ebron's third cause of action alleges that the follow-up care Ebron received on January 12, 2004 at Parkchester Family Practice – prescribing Tylenol and Biaxin 500 MG – was "contraindicated and was a deviation f[ro]m good and accepted medical and nursing practice and procedures." (Compl. ¶¶ 46-53.)

led to the need for the incision and drainage of the infected injection site and the patients prolonged use of antibiotics.

Within a reasonable degree of medical certainty, the infection was caused by the improper injection technique.

The failure to prepare the injection site by proper cleansing is a departure from the standard of care and is a causal result of the injury in this case.

The defendants' departed from good and accepted medical practice and procedure in the care provided to Ms. Nicole Ebron. The defendants' failure to properly prepare the tetanus injection site was a deviation from good and accepted medical practice and procedure. Further, it was this deviation from good and accepted practice, care and procedure which led to and was the cause of the infection and the scarring sustained by Ms[.] Ebron. Additionally the scarring sustained by Ms. Ebron is permanent.

The basis [of] my opinions are my education and training in the field of medicine, preparation of tetanus and other injection sites as well as the administration of tetanus and other injections, and a review of the my review of all of the information which was made available to me.

(Onozawa Aff. Ex. B).

At his deposition, Dr. Ackerman confirmed:

Q.    Aside from your opinion that the infection was caused by the failure to properly prep the site, are you offering any other opinions in this case?

A.    No. . . . I don't intend to offer any opinions as to any other departures.

Q.    So the only departure that you have offered an opinion on is the failure to prep the site; is that correct?

A.    That's correct.

Q.    So you're not offering an expert opinion on whether the defendant disclosed to Ms. Ebron the risks and benefits of receiving the shot?

A.    No.

Q.    You're not offering an expert opinion on whether the defendants failed to properly treat the infection after it happened?

A.    That's correct.

. . . .

Q.    Just to confirm, your expert report doesn't touch on the issue as to whether Ms. Ebron properly received notice of the risks and benefits of the vaccine; is that right?

. . . .

A.    That's correct.

Q.    Am I also right that your expert report doesn't provide an opinion on the issue as to how the appropriateness of the treatment Ms. Ebron received after she got the infection; is that correct?

A.    That's correct.

(Onozawa Aff. Ex. C: Ackerman Dep. at 40-43.)

On cross-examination by plaintiff's counsel, Dr. Ackerman said that generally a doctor does not have to inform a patient of the risk from getting a shot, but should inform the patient if the injection site is not prepared, because of the increased risk of infection and the patient has the option not to take the shot. (Ackerman Dep. at 45-47.) In response to plaintiff's counsel's hypothetical question, Dr. Ackerman added that "it is a departure of good and acceptable medical practice to perform a procedure such as that [a shot without properly preparing the injection site] without obtaining the appropriate consent in that situation." (Ackerman Dep. at 47.)

<u>**ANALYSIS**</u>

Rule 26(a)(2) requires an expert report, "prepared and signed by the [expert] witness," that "must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; . . . " Fed. R. Civ. P. 26(a)(2)(B)(i). The 1993 Advisory Committee Note at the time the Rule was amended made clear that:

> Paragraph (2)(B) requires that persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony, must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor. The information disclosed under the former rule in answering interrogatories about the "substance" of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness.

As one commentator stated: "The failure to prepare and serve adequate expert reports is a serious violation of this rule which has resulted in orders precluding the expert from rendering testimony at trial." 2 Michael C. Silberberg & Edward M. Spiro, <u>Civil Practice in the Southern District of New York</u> § 15:9 (2d ed. 2007) (citing cases); <u>see also</u>, <u>e.g.</u>, 6 <u>Moore's Federal Practice</u> § 26.23[2][b][ii] (3d ed. 2008) ("[T]he reported opinions demonstrate that the courts are determined to give effect to the advisory committee's admonition that the [expert] report be 'detailed and complete,' and that the disclosures be sufficiently detailed so as to avoid unfair surprise to the opposing party and to conserve resources.") (fns. omitted); 8 Wright, Miller & Marcus, <u>Federal Practice & Procedure: Civil 2d</u> § 2031.1 ("The Advisory Committee Notes explain that the [expert] report 'is intended to set forth

the substance of the direct examination.'  New Rule 37(c)(1) provides for automatic exclusion of

information that should have been revealed but was not.") (fns. omitted).

      Indeed, Rule 37 provides for "automatic" preclusion for failure to comply with Rule

26(a)(2)(B)'s expert report requirement:

> If a party fails to provide information or identify a witness as required by Rule
> 26(a) or (e), the party is not allowed to use that information or witness to supply
> evidence on a motion, at a hearing, or at a trial, unless the failure was substantially
> justified or is harmless.

Fed. R. Civ. P. 37(c)(1).  This "automatic sanction" is a "self-executing sanction," according to the

1993 Advisory Committee Notes.  <u>See generally</u> 8A Wright, Miller & Marcus, <u>Federal Practice &

Procedure: Civil 2d</u> § 2289.1; 7 <u>Moore's Federal Practice</u> §§ 37.60[1]-[2].

      While not cited by either party, Chief Judge Wood's decision in <u>Ferriso</u> v. <u>Conway

Org.</u>, 93 Civ. 7962, 1995 WL 580197 (S.D.N.Y. Oct. 3, 1995), is directly on point.  Judge Wood

upheld my order precluding plaintiff's expert from testifying to opinions beyond those in her expert

report.  <u>Id</u>. at *1.  Judge Wood rejected plaintiff's claim that statements at the expert's deposition

"cured" the omission of that opinion in her expert report:

> Plaintiff gives too little weight to the formal requirements of Rule 26,
> however.  Amended Rule 26 requires, not just that expert testimony be on notice, but
> that that notice be given in the form of a *written* report which "*shall* contain a
> *complete* statement of *all* opinions to be expressed and the *basis* and *reasons*
> therefor." Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).  The 1993 amendment to
> the Federal Rules was intended to "impose an additional duty to disclose information
> concerning expert testimony sufficiently in advance of trial that opposing parties
> have a reasonable opportunity to prepare for effective cross examination and perhaps
> arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26(a)(2), 1993
> advisory committee's note.  The precise requirements of this rule cannot be mooted

by a casual reference in the course of a deposition.  See Fed. R. Civ. P. 26(b)(4)(A) (depositions shall not be conducted until *after* expert report is provided.

Ferriso v. Conway Org., 1995 WL 580197 at *2.

The present case is an even stronger one for preclusion than Ferriso.  On examination by defense counsel at his deposition, Dr. Ackerman made crystal clear that his only opinion was as to the nurse's failure to prepare the injection site, as reflected in his expert report, and unequivocally stated that he would offer no other opinion.  (See pages 3-4 above.)  Even on prompting on cross-examination by plaintiff's counsel, Dr. Ackerman's only additional proffered opinion was that it was necessary to inform the patient if (but only if) a shot were to be given without preparing the injection site.  (See page 4 above.)   As defense counsel correctly noted, that opinion "conflates the elements . . . of informed consent with the elements of her medical malpractice claim.  The doctrine of informed consent addresses a doctor's failure to inform a patient of the reasonably foreseeable risks of professional treatment or diagnosis – not of malpractice.  Otherwise, every act of malpractice would automatically include a claim for lack of informed consent to that malpractice." (Dkt. No. 15: Def. Br. at 4 n.2, emphasis & citation omitted.)

Plaintiff further argues that the omission from Dr. Ackerman's expert report is harmless because "defendant has always known of the plaintiff's positions," since the complaint sets forth three separate claims.  (Pl. Opp. Br. at 2.)  The Court disagrees.  Plaintiff's position would gut Rule 26's expert disclosure requirement – under Rule 26, it is not what plaintiff has pleaded, but the

expert's opinion that is at issue. The omission from Dr. Ackerman's expert report is neither substantially justified nor harmless.[2]

Finally, defendant moves to dismiss both the second and third causes of action for failure to advance expert evidence of lack of informed consent or malpractice in the January 12, 2004 treatment. (Def. Br. at 6-9.) Plaintiff has consented to the latter (Pl. Opp. Br. at 3) and has not addressed the former (other than to argue that Dr. Ackerman's opinion on informed consent should be admissible). Accordingly, the Court dismisses the second and third causes of action. See, e.g., Kourkounakis v. Russo, 167 Fed. Appx. 255, 257 (2d Cir.) ("Plaintiff also failed to produce competent expert evidence for his claim of lack of informed consent. Under New York law, a patient making this claim must "adduce expert medical testimony in support of the alleged qualitative insufficiency of the consent."") (quoting C.P.L.R. 4401-a), cert. denied, 127 S. Ct. 351 (2006); Milano v. Freed, 64 F.3d 91, 95 (2d Cir. 1995) ("As this Court recently noted, to establish a claim of 'medical malpractice under New York law, a plaintiff must prove (1) that the defendant breached the standard of care in the community, and (2) that the breach proximately caused the plaintiff's injuries.' New York law further provides that, 'except as to matters within the ordinary

---

[2] Plaintiff concedes that defendant's motion as to any claim of medical malpractice arising out of the treatment on January 12, 2004 (the third cause of action) should be granted. (Pl. Opp. Br. at 3.) This concession also points to the flaw in plaintiff's argument in text – the third cause of action is just as well "known" to defendant as the second cause of action; neither is a ground to forgive a deficient expert report.

experience and knowledge of laymen, . . . expert medical opinion evidence is required' to make out

both of these elements.") (citations omitted); <u>Arkin</u> v. <u>Gittleson</u>, 32 F.3d 658 (2d Cir. 1994); <u>Sitts</u>

v. <u>United States</u>, 811 F.2d 736, 739-40 (2d Cir. 1987) ("It is well established in New York law that

'unless the alleged act of malpractice falls within the competence of a lay jury to evaluate it, it is

incumbent upon the plaintiff to present expert testimony in support of the allegations to establish a

prima facie case of malpractice.' . . . The requirement is no less applicable in a case that is tried to

the court without a jury. . . . In sum, in the view of the New York courts, the medical malpractice

case in which no expert medical testimony is required is 'rare.'").[3/]

## **CONCLUSION**

For the reasons set forth above, defendants' motion in limine (Dkt. No. 14) is

<u>GRANTED</u>. Dr. Ackerman is precluded from offering any opinion at trial beyond the opinion (about

---

[3/]    See also, e.g., <u>Ford</u> v. <u>United States</u>, 98 Civ. 6702, 2000 WL 1745044 at *4 (S.D.N.Y. Nov. 27, 2000); <u>Perez</u> v. <u>United States</u>, 85 F. Supp. 2d 220, 226 (S.D.N.Y. 1999), <u>aff'd</u>, 8 Fed. Appx. 48 (2d Cir. 2001); <u>Marson</u> v. <u>United States</u>, 84 Civ. 7348, 1987 WL 12407 at *7 (S.D.N.Y. June 5, 1987) ("Expert testimony is generally required to establish both that the standard of care has been violated and that this was the proximate cause of the plaintiff's injury."), <u>aff'd</u>, 841 F.2d 1117 (2d Cir. 1988); <u>Rodriguez</u> v. <u>New York City Health & Hosp. Corp.</u>, 50 A.D.3d 464, 465, 858 N.Y.S.2d 99 (1st Dep't 2008) (expert testimony required for malpractice action based on lack of informed consent); <u>Lyons</u> v. <u>McLawley</u>, 252 A.D.2d 516, 517, 675 N.Y.S.2d 375, 376-77 (2d Dep't), <u>appeal denied</u>, 92 N.Y.2d 814, 681 N.Y.S.2d 475 (1998).

failure to prep the injection site) in his expert report. Plaintiff's second and third causes of action are

dismissed with prejudice.

SO ORDERED.

Dated:      New York, New York
            September 17, 2008

**Andrew J. Peck**
United States Magistrate Judge

Copies **by fax & ECF** to:     Elizabeth Popkin, Esq.
                      Eric Popkin, Esq.
                      Tomoko Onozawa, Esq.

C:\OPIN\EBRON